This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO TAXATION
AND REVENUE DEPARTMENT,**

    Plaintiff-Appellant,

v.                                                                  **NO. 30,609**

**STEVE ORTIZ d/b/a STEVE ORTIZ
EQUIPMENT AND MECHANICAL,**

    Defendant-Appellee.

**IN THE MATTER OF THE PROTEST OF
STEVE ORTIZ d/b/a STEVE ORTIZ
EQUIPMENT AND MECHANICAL.**

**APPEAL FROM THE TAXATION AND REVENUE DEPARTMENT
Sally Galanter, Hearing Officer**

Gary K. King, Attorney General
Carolyn A. Wolf, Special Assistant Attorney General
Amy Chavez-Romero, Special Assistant Attorney General
Santa Fe, NM

for Appellant

Butt Thornton & Baehr, P.C.
Emily A. Franke
Albuquerque, NM

for Amicus Curiae

**MEMORANDUM OPINION**

**VANZI, Judge.**

This is another in a series of cases which require us to decide if the increase in the maximum statutory penalty for failure to pay taxes should be imposed on a taxpayer whose tax liabilities arose prior to the effective date of the legislation that increased the maximum penalty amount. The New Mexico Taxation and Revenue Department (the Department) appeals the hearing officer's decision reducing the Department's application of a twenty percent civil penalty against Steve Ortiz, d/b/a Steve Ortiz Equipment and Mechanical, (Taxpayer) to a maximum ten percent penalty. The hearing officer found that the imposition of the new statutory penalty constituted an improper retroactive application of the amendment. We reverse.

**BACKGROUND**

Taxpayer failed to pay gross receipts taxes in 2006. In 2009, the Department assessed Taxpayer for the unpaid taxes and imposed a penalty. The notice of assessment set out the amount Taxpayer owed and stated the penalty was calculated at a rate of two percent per month or partial month up to a maximum of twenty percent of the amount of tax due. Taxpayer protested the assessment. At the administrative

hearing, Taxpayer argued that he had relied on his accountant to take the steps necessary to address the Department's notice of limited scope audit and that, therefore, the imposition of the penalty was improper.

The hearing officer concluded that Taxpayer was properly assessed for unpaid gross receipts taxes and that Taxpayer was subject to the penalty for failure to file or pay a tax pursuant to NMSA 1978, Section 7-1-69(A) (2007). Although the hearing officer denied Taxpayer's protest of the imposition of the penalty, the hearing officer concluded that the amount of the penalty "shall not exceed ten percent" of the tax due but not paid and directed the Department to abate ten percent of the penalty amount for the 2006 tax year.

Section 7-1-69 provides in pertinent part,

[I]n the case of failure due to negligence or disregard of [D]epartment rules and regulations, but without intent to evade or defeat a tax, to pay when due the amount of tax required to be paid, to pay in accordance with the provisions of Section 7-1-13.1 NMSA 1978 when required to do so or to file by the date required a return regardless of whether a tax is due, there shall be added to the amount assessed a penalty in an amount equal to the greater of:
    (1)    two percent per month or any fraction of a month from the date the tax was due multiplied by the amount of tax due but not paid, not to exceed twenty percent of the tax due but not paid;
    (2)    two percent per month or any fraction of a month from the date the return was required to be filed multiplied by the tax liability established in the late return[.]

A prior version of the statute set the maximum statutory penalty at ten percent of the unpaid tax. NMSA 1978, § 7-1-69 (2003) (amended 2007). The Legislature amended Section 7-1-69 to increase the maximum statutory penalty to twenty percent, effective January 1, 2008. 2007 N.M. Laws, ch. 45, §§ 4, 16.

The hearing officer reasoned that because the Legislature did not include a retroactivity provision in the amendment, the Department could only impose the penalty up to ten percent of the tax due but not paid and that the maximum statutory penalty had already been reached prior to January 1, 2008. The Department appealed the hearing officer's rejection of the new statutory penalty of twenty percent on the tax liability that arose for tax periods occurring prior to 2008. Taxpayer did not file an answer brief in this case, and we requested briefing from Amicus Curiae on the legal arguments from Taxpayer's perspective.[1]

**DISCUSSION**

Because we are presented with an issue of statutory interpretation, our review is de novo. *Hess Corp. v. N.M. Taxation & Revenue Dep't*, 2011-NMCA-043, ¶ 11, 149 N.M. 527, 252 P.3d 751, *cert. denied*, 2011-NMCERT-003, ___ N.M. ___, ___ P.3d ___; *N.M. Taxation & Revenue Dep't v. Dean Baldwin Painting, Inc.*, 2007-

---

[1]We wish to thank Amicus for the excellent brief that was submitted and that has been of considerable help to this Court.

4

NMCA-153, ¶ 7, 143 N.M. 189, 174 P.3d 525. This Court can only set aside the hearing officer's decision if it was arbitrary and capricious, not supported by substantial evidence, or not in accordance with the law. NMSA 1978, § 7-1-25(C)(1)-(3) (1989); *Kewanee Indus., Inc. v. Reese*, 114 N.M. 784, 786, 845 P.2d 1238, 1240 (1993). Though our review is de novo, we give some deference to the hearing officer's reasonable interpretation and application of the statute. *Jicarilla Apache Nation v. Rodarte*, 2004-NMSC-035, ¶ 25, 136 N.M. 630, 103 P.3d 554. Tax assessments made by the Department are presumed to be correct. NMSA 1978, § 7-1-17(C) (2007).

The Department argues that the hearing officer erred in deciding that the amended twenty percent statutory penalty imposed on Taxpayer was improperly applied retroactively. Amicus, on the other hand, argues that the hearing officer's decision was correct and consistent with the presumption that statutory amendments are not to be given retroactive effect. Specifically, Amicus contends that the Department's right to a penalty comes into existence when the due date for filing the return occurs, and the tax liability remains unpaid. And because the failure to pay the tax on the due date occurred prior to the effective date of the statutory amendment, imposition of the new statutory penalty would result in an improper retroactive application of Section 7-1-69(A).

In *GEA Integrated Cooling Technology v. State of New Mexico Taxation & Revenue Department*, ___-NMCA-___, ¶ 10, ___ N.M. ___, ___ P.3d ___, (No. 30,790, Dec. 8, 2011), this Court recently interpreted Section 7-1-69(A) to mean that when assessing the tax penalty, "the Department must start calculating the two percent per month penalty rate from that tax due date, counting forward continuously until the maximum penalty percentage is reached." We held that, because the "date the tax was due" provides the Department with a date certain on which to calculate the amount of the penalty assessed upon a taxpayer, the maximum statutory penalty is determined at the time of assessment, not at the time the tax becomes due. *GEA*, ___-NMCA-___, ¶ 10.

In the present case, the Department began a limited scope audit of Taxpayer's 2006 gross receipts tax reporting on June 3, 2009. The Department determined that Taxpayer owed $3,919.32 in tax liability that arose in 2006, and on October 23, 2009, it issued Taxpayer a notice of assessment for taxes, penalty, and interest. Accordingly, at the time of assessment, the appropriate statutory penalty to be applied against Taxpayer was "two percent per month . . . from the date the tax was due multiplied by the amount of tax due but not paid, not to exceed twenty percent of the tax due but not paid[.]" Section 7-1-69(A)(1).

To the extent that the hearing officer concluded that the Department was improperly applying the new maximum statutory penalty retroactively, we disagree. Once again, our opinion in *GEA* controls. In *GEA*, we held that because the taxpayer's status was already subject to the imposition of the penalty, and because the Legislature may amend the penalty statute at any time, the application of the new statutory penalty to the taxpayer's outstanding liability did not affect any right the taxpayer possessed under prior law. ___-NMCA-___, ¶ 21. Therefore, application of the new statutory penalty under Section 7-1-69 does not give the amended statute impermissible retroactive effect. *GEA*, ___-NMCA-___, ¶ 21. We are similarly unpersuaded by Amicus' argument that the new statutory penalty is unconstitutionally retroactive as a matter of policy. Article IV, Section 34 of the New Mexico Constitution provides

> No act of the [L]egislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case.

At the time Section 7-1-69 was amended, this case was not "pending" within the meaning of the Constitution. At that time, Taxpayer had simply failed to file or pay taxes, and the Department had yet to assess Taxpayer and demand payment. *See Bradbury & Stamm Constr. Co. v. Bureau of Revenue*, 70 N.M. 226, 239, 372 P.2d 808, 817 (1962) (stating that penalties are not part of the tax and, therefore, not part

7

of the obligation and may be changed without violating the New Mexico Constitution).

In light of our analysis and decision in *GEA*, we conclude that the application of the increased penalty cap to tax liabilities that arose for tax periods occurring prior to the effective date of the amendment does not have retroactive effect and does not violate Article IV, Section 34 of the New Mexico Constitution. We reverse the hearing officer's decision and order directing the Department to reduce the maximum penalty from twenty percent to ten percent in this case.

**CONCLUSION**

For the reasons set forth above, we reverse the decision of the hearing officer directing the Department to reduce the statutory penalty against Taxpayer.

**IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**TIMOTHY L. GARCIA, Judge**